**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MARCUS M.,**

**Plaintiff,**

**v.**

**Civil Action 2:25–cv–01045
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF
SOCIAL SECURITY,**

**Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff Marcus M. brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I. BACKGROUND

Plaintiff protectively filed an application for SSI alleging disability beginning February 28, 2021, due to anxiety, depression, and hypertension. (R. at 221–27, 261). After his application was denied initially and on reconsideration, Administrative Law Judge ("ALJ") Michael Kaczmarek heard the matter on May 30, 2024. (*Id.* at 35–62). Ultimately, the ALJ denied benefits in a written decision on August 26, 2024. (*Id.* at 16–34). The Appeals Counsel denied review on July 15, 2025. (*Id.* at 1–6).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on September 15, 2025 (Doc. 1), and the Commissioner filed the administrative record on December

1, 2025 (Doc. 8). The matter has been briefed and is ready for review. (Docs. 13, 15, 16).

**A. The Administrative Record**

In his opinion, the ALJ summarized and evaluated Plaintiff's statements to the agency, hearing testimony, medical records, and symptoms. (R. at 24–25). The ALJ also summarized and evaluated the medical source opinions and prior administrative medical findings, including those of Jaime Lai and Irma Johnston, Psy.D. (*Id.* at 25–27). Rather than repeat these summaries, the Undersigned will focus on the evidence pertinent to Plaintiff's assigned errors below.

**B. The ALJ's Decision**

The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 26, 2022, the application date. (R. at 21). The ALJ determined that Plaintiff suffered from the following severe impairments: major depressive disorder and generalized anxiety disorder. (*Id.*). The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, meet or medically equals a listed impairment. (*Id.* at 22).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels with some nonexertional limitations. He must avoid all exposure to hazards, such as inherently dangerous moving machinery or unprotected heights. [Plaintiff] can understand, remember, and carry out detailed, but uninvolved, written or oral instructions. Work duties and any changes must be explained, written, and/or demonstrated. Work must be able to be learned in 30 days or less. Work must not have strict production rates, i.e., assembly line work or work with hourly time quotas. [Plaintiff] can have occasional interaction with supervisors and coworkers, but can never interact vocationally with the public.

(*Id.* at 23).

The ALJ next discussed Plaintiff's subjective allegations as follows:

> The [ALJ] notes that there are some inconsistencies between [Plaintiff]'s allegations and his self–reported daily activities. Specifically, while [Plaintiff] has alleged that he is limited in his ability to work at any exertional level, the record reflects that he can perform a wide range of activities of daily living, such as feeding and caring for his pets, preparing basic meals, taking out the trash, and mowing the

> lawn (Exhibits 4E at 2–3 and 7E at 2–3). [Plaintiff] has also indicated that he can perform some multi–step tasks, such as driving a car and independently handling his personal finances (Exhibits 4E at 4 and 7E at 4). Finally, [Plaintiff] has stated that he has regular interaction with others (Exhibits 4E at 5 and 7E at 5). The [ALJ] finds [Plaintiff]'s ability to perform the aforementioned daily activities to be inconsistent with his allegation that he is unable to perform tasks at any exertional level.
>
> The [ALJ] further finds [Plaintiff]'s assertion that he is unable to work to be inconsistent with the relevant medical evidence of record and those probative mental health records in evidence, including normal or largely unremarkable physical, psychiatric, and mental status examinations (See, e.g., Exhibits 2F at 10 and 14, 5F at 5, and 7F at 7, 13–14, and 19–20).

(*Id.* at 24).

The ALJ found that Plaintiff is unable to perform his past relevant work. (*Id.* at 27). Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform light exertional, unskilled jobs that exist in significant numbers in the national economy, such as an assembler, marker, or mail clerk. (*Id.* at 28–29). He therefore concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since May 26, 2022, the date the application was filed (20 CFR 416.920(g))." (*Id.* at 29).

## II. STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide

the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III. DISCUSSION

Plaintiff challenges the ALJ's exclusion in the RFC of certain limitations opined by the state agency psychological consultants, Dr. Jamie Lai and Dr. Irma Johnston. (Doc. 13 at 6–10). The Commissioner counters that substantial evidence supports the ALJ's decision. (Doc. 15 at 3–7). The Undersigned concludes remand is appropriate.

### A. Applicable Legal Standard

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from [her] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). When determining the RFC, the ALJ must evaluate several factors, including medical evidence, medical opinions, and the plaintiff's testimony. *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). In doing so, the ALJ must resolve conflicts in the record. *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984).

To that end, an ALJ "is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Beckham v. Comm'r of Soc. Sec.*, No. 1:19-cv-576, 2020 WL 5035451, at *7 (S.D. Ohio Aug. 26, 2020) (quoting *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020)). An ALJ is not required to adopt a medical opinion verbatim or otherwise adopt it in full merely because she finds it persuasive. *See, e.g.*, *Poe*, 342 F. App'x at 157 ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding."); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even

where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). Still, "where an ALJ finds expert opinions to be persuasive, he may not decline to incorporate those opinions into an agency decision without explanation." *Jessica A. v. Comm'r of Soc. Sec.*, No. 3:24-CV-232, 2025 WL 689384, at *1 (S.D. Ohio Mar. 3, 2025) (citation omitted).

In the end, the ALJ's opinion, read as a whole, must build a logical bridge between the evidence and the ALJ's conclusions. *Davis v. Comm'r of Soc. Sec.*, No. 2:19-CV-265, 2019 WL 5853389, at *5 (S.D. Ohio Nov. 8, 2019), *report and recommendation adopted*, No. 2:19-CV-265, 2020 WL 1482318 (S.D. Ohio Mar. 27, 2020) (quoting *Waye v. Comm'r of Soc. Sec.*, No. 1:18-CV-201, 2019 WL 364258, at *5 (S.D. Ohio Jan. 30, 2019), *report and recommendation adopted*, No. 1:18-CV-201, 2019 WL 718542 (S.D. Ohio Feb. 20, 2019)).

**B. State Agency Reviewing Psychologists**

Dr. Lai evaluated Plaintiff's mental impairments as part of the initial determination on his claim on November 21, 2022. (R. at 71–79). She found Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace; a moderate limitation in adapting and managing himself; and a marked limitation in Plaintiff's ability to interact with others. (R. at 74). She then opined Plaintiff could perform 1–4 step short cycle tasks in a setting where duties were fairly static and did not include strict production demands. (R. at 77). Dr. Lai further found that Plaintiff was best suited for a more solitary position with minimal expectations of social interaction. (*Id.*). And that he could interact briefly and occasionally in situations that did not require more than superficial contact. (*Id.*). Dr. Lai also opined Plaintiff "should not be expected to engage in collaborative tasks, to be subjected to close over-the-shoulder supervisor scrutiny or to have work

related contact with the general public." (*Id.*). On reconsideration, Dr. Johnston generally affirmed Dr. Lai's conclusions. (R. at 81–89).

The ALJ summarized and evaluated the opinions as follows:

> The DDS psychological consultants then opined that the claimant would have moderate limitation in his ability to carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work setting. Ms. Lai and Dr. Johnson both felt that the claimant would have marked limitation in his ability to interact appropriately with the general public (Exhibits 2A at 6-8 and 4A at 7-8).
>
> The [ALJ] finds the moderate to marked mental limitations recommended by the DDS psychological consultants to be not entirely supported by and partially inconsistent with those probative mental health records in evidence, including normal or largely unremarkable psychiatric and mental status examinations (See, e.g., Exhibits 2F at 10 and 14, 5F at 5, and 7F at 7, 13–14, and 19–20). The record as a whole tends to support a finding that [Plaintiff] has, at most, mild to moderate mental limitations. Therefore, the Administrative Law Judge is only somewhat persuaded by the prior administrative medical findings of Ms. Lai and Dr. Johnson.

(R. at 27).

As noted above, the ALJ crafted Plaintiff's RFC to include some of the limitations the psychological consultants opined, but not all: "Work must not have strict production rates, i.e., assembly line work or work with hourly time quotas. [Plaintiff] can have occasional interaction with supervisors and coworkers, but can never interact vocationally with the public." (*Id.* at 23). Plaintiff asserts that the ALJ erred by failing to explain why he omitted the state agency experts' superficial interaction limitation. (Doc. at 6–10). The Undersigned agrees that the ALJ's opinion raises more questions than it answers.

For example, the ALJ does not engage with any of the psychological consultants' specifically opined RFC limitations, like that Plaintiff can interact briefly and occasionally in situations that do not require more than superficial contact. (R. at 27). This matters because the ALJ concluded that the consultants' opined "moderate to marked mental limitations" were too extreme and that "mild to moderate" limitations were more appropriate. Yet he does not provide more clarity about what the latter entails or why those limitations are more reasonable.

Even more, the ALJ relies on eight pages from the record to partially discredit the consultants' opined limitations. (R. at 27 (citing R. 395, 399, 420, 433, 439–40, 445–46)). But he does not explain why those pages mean the doctors' opinions about Plaintiff's interactional abilities were not entirely supported or consistent with the evidence beyond a conclusory mention that the records show "normal or largely unremarkable psychiatric and mental status examinations." (R. at 27). And the Undersigned's own review of those records shows a mixed bag. Some of the records report Plaintiff as having "normal" mood and "appropriate" affect. (*See, e.g.*, R. at 399). Yet others state that Plaintiff experienced "sadness and nervousness," (R. at 420), and suffered "[g]eneralized anxiety symptoms," (R. at 433). Here, the ALJ needed to do more to allow the Court to trace his reasoning. *See, e.g.*, *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) ("[T]he ALJ's decision . . . must say enough 'to allow the appellate court to trace the path of his reasoning.'" (citation omitted)).

The Commissioner's arguments to the contrary are not persuasive. He primarily relies on the idea that the ALJ's conclusion was within his "zone of choices." (Doc. 15 at 4–6 (citing *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400 (6th Cir. 2018)). Even so, the ALJ was under a duty to explain his decision in a way that Plaintiff and the Court can follow.

Because he did not, the Undersigned cannot evaluate whether the ALJ's conclusions were, in fact, within his zone of choices and, importantly, if his decision was supported by substantial evidence.

All this is not to say the ALJ must adopt the limitations for which Plaintiff now advocates. And he is not under an obligation to offer a lengthy or expansive discussion of Dr. Johnston and Dr. Lai's opinions. He must, however, provide enough explanation to create logical bridge between his analysis and his conclusion. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefore, on all the material issues of fact, law, or discretion presented on the record.'" (citation omitted)); *Davis*, 2019 WL 5853389, at *5. Because the ALJ did not, the Undersigned concludes that remand is required for proper consideration of the state agency psychological consultants' opinions.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 6, 2026

*s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE